**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Nakai, | No. CV-16-08310-PCT-DGC |
| Petitioner, | **ORDER** |
| v. | |
| United States of America, | |
| Respondent. | |

Movant Gregory Nakai filed a pro se application for permission to file a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "second motion"). Doc. 3-3 at 3-11. The Ninth Circuit granted the application and transferred the second motion to this Court for review. *Id.* at 1-2. The government filed a motion to dismiss, Movant responded, and the government replied. Docs. 6, 11, 12. Magistrate Judge John Z. Boyle issued a report and recommendation ("R&R") that the second motion be dismissed. Doc. 13. Movant filed objections, the government responded, and Movant replied. Docs. 14, 15, 16. The Court will adopt Judge Boyle's recommendation in part, reject it in part, and remand for further review.

**I. Legal Standards.**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a habeas case. 28 U.S.C. § 636(b)(1). The Court must undertake de novo review of those portions of the R&R to

which specific objects are made. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. Background.

A jury convicted Movant on each count in an 18-count indictment arising from a double murder on the Navajo Indian Reservation in August 2001. Doc. 6 at 2-4. The indictment charged Movant with nine substantive offenses and nine corresponding violations of 18 U.S.C. § 924(c) and (j). No. CR-01-01072-DGC, Doc. 280 at 1-2. To convict Movant on a § 924(c) or (j) count, the jury needed to find that he used a firearm in a predicate "crime of violence." 18 U.S.C. § 924(c), (j). The nine separate § 924 convictions resulted in 720 months of incarceration followed by six consecutive life terms. No. CR-01-01072-DGC, Doc. 280 at 2.

Movant's first § 2255 motion was filed in October 2006 and denied in August 2007. Doc. 6 at 3. Movant applied in June 2016 for permission to file a second motion, alleging two grounds for relief. Doc. 3-3 at 3-11. Movant first relied on *Johnson v. United States*, 135 S. Ct. 2551 (2015), to argue that eight of his § 924 convictions are unconstitutional ("Ground One"). *Id.* at 7, 10. Movant also argued that sentencing him under both § 924(c) and (j) violated the double jeopardy clause of the Fifth Amendment ("Ground Two"). *Id.* at 7, 11. The Ninth Circuit granted Movant's application to file a second motion, finding that Ground One "makes a prima facie showing for relief under *Johnson v. United States*." *Id.* at 1. When the court of appeals certifies a second motion, the district court has a duty to examine each claim. *Nevius v. McDaniel*, 218 F.3d 940, 944 (9th Cir. 2000); *see also* 28 U.S.C. § 2244(b)(4).

The Court referred the second motion to Judge Boyle. Doc. 5 at 2. The government moved to dismiss, arguing that the second motion does not satisfy the requirements of § 2255(h). *See* Doc. 6 at 4-5. The government construed Movant's application as challenging only the imposition of multiple convictions and punishments for § 924(c) and (j) violations. *Id.* Although the second motion cited *Johnson*, the

government argued that it sought relief that does not find its source in *Johnson*. *Id.* Movant responded that his motion relies on *Johnson* to argue that the predicate offenses for his § 924 convictions are insufficient. Doc. 11 at 3-5.

The R&R agrees with the government and recommends dismissal, finding that the second motion does not rely on a new rule of constitutional law. Doc. 13 at 3-5. With respect to Ground One, the R&R notes that *Johnson* did not address whether § 924(c) and (j) permit only one count per indictment – the primary argument made in this ground. *Id.* at 4. The R&R further notes that any argument that the predicate offenses are invalid under *Johnson* was first raised in Movant's response brief and was therefore waived. *Id.* at 5-6. The R&R nonetheless rejects the *Johnson* claim on the merits because Movant's response brief, at most, stated it in a cursory manner. *Id.* at 6-7. With respect to Ground Two, the R&R concludes that Movant did not rely on *Johnson* at all. *Id.* at 4-5.

**III. Discussion.**

    **A. Ground One.**

        **1. Multiple § 924 Counts in Single Indictment.**

Ground One alleges that the government could not charge Movant with multiple § 924 violations in a single indictment. Doc. 3-3 at 7, 10. The R&R concludes that this argument is barred because it was not raised in the first motion and is not based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A); *see also* 28 U.S.C. § 2255(h); Doc. 13 at 3-4. Movant makes no specific objection to Judge Boyle's finding on this argument. *See* Docs. 14, 14-1, 14-2, 14-3. The Court agrees with Judge Boyle's conclusion and adopts this portion of the R&R.

        **2. *Johnson* Claim.**

Ground One also alleges a "New Substantive Change in Law," citing *Johnson* and *Welch v. United States*, 136 S. Ct. 1257 (2016). Doc. 3-3 at 7. Specifically, Movant states:

> I received Life for two 18 USC 924(c)(j) charges, when I should have only received the one 924(c) charge of the 120 months. This is a sentencing error that meets plain error, *especially since my predicate offenses are not now recognized under the new substantive change in law*.

*Id.* (emphasis added). The addendum to the motion offers four paragraphs of elaboration. *Id.* at 10. Three of the four paragraphs appear to argue that the government can only charge one § 924 violation per indictment. *Id.* This is not a *Johnson* argument. But the final paragraph states:

> Johnson/Welch changed the law substantively, and it is now required that a person be charged under the proper charge, which is listed, as predicate offenses, and [Movant's] charges do not meet this requirement.

*Id.* (emphasis in original).

While this argument is terse and not a model of clarity, the Ninth Circuit has directed district courts to construe pro se § 2255 motions liberally. *United States v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000) (courts must interpret pro se § 2255 motions liberally); *see also United States v. Howard*, 381 F.3d 873, 883 (9th Cir. 2004) (interpreting pro se § 2255 motion liberally). Doing so, the Court concludes that Movant did argue in his motion that some of his predicate offenses are no longer valid predicate offenses under *Johnson*. The Ninth Circuit reached the same conclusion, finding that Movant's application made a prima facie *Johnson* argument. Doc. 3-3 at 1.

Section 2255 permits a second motion if it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2); *see also* 28 U.S.C. § 2255(h). *Johnson* announced that language similar to the residual clause in § 924(c)(3)(B) violates due process. 135 S. Ct. at 2557. The Supreme Court held in April 2016 that *Johnson* "announced a substantive rule that has retroactive effect in cases on collateral review." *Welch*, 136 S. Ct. at 1268. Movant filed his second motion approximately two months later (Doc. 3-3 at 2), arguing, in effect, that some of his predicate offenses no longer

qualify as crimes of violence after *Johnson*. Ground One therefore meets the requirements of 28 U.S.C. §§ 2244(b)(2) and 2255(h).

After finding that Movant's *Johnson* argument was waived, the R&R, being thorough, addressed the argument on the merits and found it unpersuasive. While this was an efficient approach to resolving the case, the Court concludes that the merits should not have been addressed without first affording Movant an opportunity to address them in full.

The government responded to the second motion by moving to dismiss, asserting that *Johnson* arguments were not raised and that the remaining arguments were clearly invalid. Doc. 6. This was a permissible motion. The Rules Governing Section 2255 Cases permit limited judicial review of affirmative defenses before reaching the merits of a § 2255 motion. The advisory committee's note explains that Rule 5 "leaves open the possibility that the government's first response . . . is in the form of a pre-answer motion to dismiss the petition."

But the rules also suggest that merits briefing should occur if the government's limited motion to dismiss is not granted in full. Rule 5(b) states that "[t]he answer must address the allegations in the motion." And the Court required the government to "fully comply with all of the requirements of Rule 5" if the issues were "not limited to affirmative defenses." Doc. 5 at 2.

As explained above, the Court concludes that the government's motion was incorrect when it argued that Movant had not raised a legitimate *Johnson* claim. As a result, although the R&R was quite right in rejecting movant's argument that an indictment cannot include more than one § 924 charge, it should also have found that, liberally construed, the second motion raised a valid *Johnson* claim that should be addressed through merits briefing. Movant then would have been afforded a full opportunity to explain his position and respond to the government's merits arguments. The Court accordingly concludes that this case should be remanded to permit the

government to respond to the merits of the *Johnson* claim and to permit Movant to reply, before the merits of the *Johnson* claim are resolved.

### B. Ground Two.

Ground Two alleges that Movant's sentence violates the double jeopardy clause of the Fifth Amendment. Doc. 3-3 at 7, 11. The R&R concludes that Ground Two is barred because it is not based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A); *see also* 28 U.S.C. § 2255(h); Doc. 13 at 4-5. Movant's objections argue the merits of Ground Two, but make no specific objection to Judge Boyle's finding on the timeliness of the claim. *See* Doc. 14-2 at 13-15; Doc. 14-3 at 1. The Court agrees with Judge Boyle's conclusion and adopts this portion of the R&R.

### C. Request to Stay Proceedings.

The R&R recommends a denial of Movant's request for a stay until the Supreme Court announces its decision in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016). Doc. 13 at 8. That case will address "whether the residual clause of 18 U.S.C. § 16(b), which is identical to the residual clause of § 924(c)(3)(B), is unconstitutional." *Id.*; *see also Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), *cert. granted*, *Lynch*, 137 S. Ct. 31. The R&R reasons that a stay is inappropriate because Movant's claims "do not implicate the residual clause of § 924(c)(3)(B)." Doc. 13 at 8. For the reasons stated above, the Court does not agree. On remand, Judge Boyle should consider whether the stay request should be denied for other reasons.

**IT IS ORDERED:**

1. Magistrate Judge John Z. Boyle's R&R (Doc. 13) is **accepted in part** and **rejected in part** as explained above.

2. The government's motion to dismiss (Doc. 6) is **granted in part** and **denied in part**. Ground One's claim that § 924(c) and (j) permit only one count per indictment is **dismissed with prejudice**. Ground Two is **dismissed with prejudice**.

3. The motion for a stay (Doc. 9) is **remanded** for further review.

4. Movant's request for a certificate of appealability is **remanded** for further review.

5. This case is **remanded** to Magistrate Judge John Z. Boyle for further proceedings and a report and recommendation.

Dated this 16th day of April, 2018.

_____
David G. Campbell
United States District Judge