**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Gregory Nakai,

          Petitioner,

v.

United States of America,

          Respondent.

No. CV-16-08310-PCT-DGC (JZB)
(No. CR-01-01072-PHX-DGC)

**REPORT AND
RECOMMENDATION**

TO THE HONORABLE DAVID G. CAMPBELL, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Gregory Nakai (hereafter, "Movant") filed a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 3.)[1]

**I.      Summary of Conclusion.**

In 2003, this Court convicted and sentenced Movant on 18 counts, comprising nine substantive counts that served as the predicate offenses for nine additional counts under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 924(c), (j). Movant argues that the predicate offenses of his § 924 convictions no longer constitute "crimes of violence" following recent developments in the relevant case law, and therefore his § 924 convictions must be vacated. Movant is entitled to relief on two counts (where kidnapping was the

---

[1]      Citations to "Doc." refer to the docket in the present civil case, CV-16-08310-PHX-DGC (JZB). Citations to "CR Doc." refer to the docket in the underlying criminal case, CR-01-01072-PHX-DGC.

1    predicate offense), but not the remaining § 924 counts. Accordingly, the Court recommends

2    that Movant's Motion to Vacate, Set Aside, or Correct Sentence be granted in part and

3    denied in part as detailed herein.

4    **II.    Background.**

5         **A.    Factual Background.**

6         The Ninth Circuit set forth the following facts in Movant's direct appeal, *United*

7    *States v. Nakai*, 413 F.3d 1019, 1021 (9th Cir. 2005):

8         At trial, the government established that on August 17, 2001, the defendant
         Gregory Nakai (hereafter Gregory) and his brothers, Jimmy and Jakegory,
9         all members of the Navajo tribe, had been drinking. They went to Round
         Rock Lake to sell bottles of Budweiser beer and were joined by Johnny
10        Orsinger, Teddy Orsinger, and Dennie Leal. They sold several 40 ounce
         bottles to Jesbert Sam and David Begay. At some point, Gregory said, "Let's
11        jack up these guys." Jimmy understood his brother to mean that they should
         beat Begay and Sam and take their car. When Begay tried to buy another
12        bottle, the group jumped on him and hit him. Gregory knocked him down
         with blows to his head. Jakegory and Leal kicked him as he lay on the ground.
13
         Leal approached Sam as Sam sat in his own car and knocked him from his
14        seat to the ground. Leal and Johnny Orsinger hog-tied Sam and Begay with
         electrical cords. The two victims were dumped in the back of Sam's car.
15        Jimmy took the driver's seat and drove off accompanied by Johnny Orsinger.
         Jimmy had with him Gregory's handgun, which Jimmy gave to Johnny, who
16        pistol-whipped Sam about ten times as they drove.

17        Gregory, Jakegory, Teddy Orsinger, and Dennis Leal followed Jimmy in
         Gregory's car, which he was too drunk to drive and which was driven by
18        Teddy, who accidentally flipped it. Gregory joined Jimmy and Johnny in
         Sam's car, which Jimmy drove into the woods and stopped. Johnny took
19        Begay, who was still conscious out of the back and laid him on the ground.
         Gregory did the same with Sam, who wasn't moving. A little later Jimmy
20        heard a shot and turned to see that Begay had been shot in the head and that
         Johnny was standing next to him with a gun in his hand. Gregory said, "Give
21        me the gun." Johnny gave it to him. Gregory shot Sam five times in the chest
         and/or head. Jimmy believed both Begay and Sam were now dead. Gregory
22        covered the bodies with a blanket.

23        Gregory, Jimmy, and Johnny rejoined Leal, Teddy Orsinger, and Jakegory.
         The group decided to burn the bodies of the victims and made a fire for this
24        purpose. They cleaned Sam's car of broken glass. Gregory took Sam's drill
         and traded it for a pair of tires that he put on his own car. The next day,
25        Gregory, Jimmy and Leal retrieved some of the remains of one victim, put
         them in a bag and burned them in a hole.
26

27        **B.    Conviction & Sentencing.**

28        On August 29, 2003, the Court convicted and sentenced Movant on the following

18 counts, comprising nine substantive counts and nine counts under 18 U.S.C. §§ 924(c), (j) for Movant's use of a firearm in connection with the substantive counts:

| Substantive Count (§ 924 Count)[2] | Substantive Offense |
|---|---|
| Count 1 (Count 2) | First-Degree Murder<br>18 U.S.C. § 1111 |
| Count 3 (Count 4) | Felony Murder-Kidnapping<br>18 U.S.C. §§ 1111, 1201(a)(2) |
| Count 5 (Count 6) | Kidnapping<br>18 U.S.C. § 1201(a)(2) |
| Count 7 (Count 8) | First-Degree Murder<br>18 U.S.C. § 1111 |
| Count 9 (Count 10) | Carjacking<br>18 U.S.C. § 2119 |
| Count 11 (Count 12) | Felony Murder-Robbery<br>18 U.S.C. §§ 1111, 2111 |
| Count 13 (Count 14) | Robbery<br>18 U.S.C. § 2111 |
| Count 15 (Count 16) | Felony Murder-Kidnapping<br>18 U.S.C. §§ 1111, 1201(a)(2) |
| Count 17 (Count 18) | Kidnapping<br>18 U.S.C. § 1201(a)(2) |

(CR Doc. 280.) For each substantive count, Movant received a life sentence; the life sentences for the substantive counts run concurrently. (*Id.*) Consecutive to these life sentences are the sentences for the § 924 counts, which consist of a 120-month term for Count 2, followed by a 300-month term for Count 4, followed by 300-month term for Count 6, followed by consecutive life sentences for the remaining counts. (*Id.*)

**C.   Motion to Vacate, Set Aside, or Correct Sentence.**

On June 13, 2016, with authorization from the Ninth Circuit Court of Appeals, Movant filed the present Second or Successive Motion to Vacate, Set Aside, or Correct

---

[2]   Each count also alleged a violation of 18 U.S.C. § 1153 (offenses committed within Indian country) and 18 U.S.C. § 2 (principal liability), which are not at issue here.

Sentence asserting two grounds for vacating his convictions under § 924. (Doc. 3.) In Ground One, Movant argued: (a) that he could not receive multiple charges under § 924 and (b) that the predicate offenses for his § 924 convictions are no longer recognized as predicate offenses under *Johnson* [*II*].[3] (*Id.* at 7, 10.) In Ground Two, Movant argued that § 924(c) is the lesser offense of § 924(j), and therefore his convictions under both constituted double jeopardy. (*Id.* at 7, 11.)

On May 22, 2017, the government filed a Motion to Dismiss (doc. 6); Movant filed a response (doc. 11); and the government filed a reply to the response (doc. 12). Consideration of the motion was referred to the undersigned for a Report & Recommendation ("R&R"). (Doc. 5.) On December 8, 2017, the undersigned issued an R&R recommending that the motion be granted. (Doc. 13.) On April 16, 2018, the Honorable David G. Campbell adopted the R&R in part and rejected it in part. (Doc. 17.) Judge Campbell adopted the portion of the R&R recommending the dismissal of the first claim of Ground One and the entirety of Ground Two. (*Id.* at 6.) However, Judge Campbell rejected the portion of the R&R recommending the dismissal of the second claim of Ground Two where the undersigned had found that Movant had not properly raised a *Johnson II* claim nor demonstrated entitlement to relief based on *Johnson II*. (*Id.* at 3-6; *see* Doc. 13 at 4-7.) Judge Campbell found that while Movant's argument in Ground Two was "terse and not a model of clarity," Movant had properly raised the issue of whether "some of his predicate offenses are no longer valid predicate offenses under *Johnson* [*II*]." (Doc. 17 at 4.) Judge Campbell then remanded to the undersigned to order supplemental briefing on Movant's *Johnson II* claims and for another R&R. (*Id.* at 4-6.)

Accordingly, on April 18, 2018, the Court ordered Movant to file a supplemental brief "outlining his *Johnson* [*II*] claims in full." (Doc. 19.) Movant filed a Supplemental

---

[3]     In *Johnson v. United States* (*Johnson II*), the Supreme Court struck down the residual clause in the ACCA's definition of "violent felony," 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague. 576 U.S. 591, 596-97 (2015); *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that "*Johnson* [*II*] announced a substantive rule that has retroactive effect in cases on collateral review").

Brief and Supplemental Authorities. (Docs. 22, 29.) Rather than filing a responsive brief, the government moved to stay the proceedings pending the resolution of cases involving related issues before the Supreme Court and Ninth Circuit. (Doc. 23.) On September 20, 2018, the Court granted the motion and stayed the proceedings. (Doc. 24.) On October 22, 2020, the Court lifted the stay and ordered briefing on whether the predicate offenses of the § 924 convictions remain "crimes of violence" in light of recent developments in relevant case law, particularly *United States v. Davis*, 139 S. Ct. 2319 (2019) in which the Supreme Court struck down the residual clause of the ACCA's definition of "crime of violence," 18 U.S.C. § 924(c)(3)(B), as unconstitutionally vague. (Doc. 44.) On December 4, 2020, the parties filed the ordered briefs. (Docs. 46 [Movant's brief], 47 [the government's brief].)

## III.    Movant's *Johnson II* Claims.

The Court considers Movant's Motion to Vacate, Set Aside, or Correct Sentence (doc. 3); the government's Motion to Dismiss (doc. 6); Movant's Response to the Motion to Dismiss (doc. 11); the government's Reply to Movant's Response (doc. 12); Movant's first Supplemental Brief (doc. 22); Movant's Supplemental Authorities (doc. 29); Movant's second Supplemental Brief (doc. 46); and the government's Supplemental Brief (doc. 47).

In his Motion to Vacate, Set Aside, or Correct Sentence, Movant argued that his convictions under § 924 should be vacated because:

> Johnson [II]/Welch changed the law substantively, and it is now required that a person be charged under the proper charge, which is listed, as predicate offenses, and Petitioner['s] charges do not meet this requirement.

(Doc. 3 at 10.) In his first supplemental brief, Movant argued more specifically that first-degree murder, felony murder, kidnapping, and robbery are not "crimes of violence." (Doc. 22 at 6-16.) In his second supplemental brief, he argued the same and added that carjacking is not a "crime of violence."[4] (Doc. 46.) The government concedes that

---

[4]      The government objects to Movant's argument regarding carjacking being raised as waived for Movant not raising it in his first supplemental brief. (Doc. 47 at 14.) However, in ordering the second round of supplemental briefing, the Court had ordered both parties

1  kidnapping is not a "crime of violence" but argues that the remaining offenses are "crimes
2  of violence." (Doc. 47.)

3       Under the ACCA, a "crime of violence" is:

4  an offense that is a felony and—

5      (A)   has as an element the use, attempted use, or threatened
6  use of physical force against the person or property of another, or

7      (B)   that by its nature, involves a substantial risk that
8  physical force against the person or property of another may be used in the course of committing the offense.

9  18 U.S.C. § 924(c)(3). The subsection (A) definition is known as the "elements" or "force"
10 clause, and the subsection (B) definition is known as the "residual" clause. *United States*
11 *v. Davis*, 139 S. Ct. 2319, 2324 (2019); *United States v. Gutierrez*, 876 F.3d 1254, 1256
12 (9th Cir. 2017). In 2019, the Supreme Court struck down the residual clause as
13 unconstitutionally vague.[5] *Davis*, 139 S. Ct. at 2336. Thus, post-*Davis*, an offense can only
14 be a "crime of violence" under the elements/force clause. "[T]o qualify as a 'crime of
15 violence' under the force clause, an offense must have as an element the use, attempted
16 use, or threatened use of violent physical force-'that is, force capable of causing physical
17 pain or injury to another person.'" *Gutierrez*, 876 F.3d at 1256 (quoting *Johnson v. United*
18 *States* (*Johnson I*), 559 U.S. 133, 140 (2010)). The application of such force may be direct
19 or indirect. *United States v. Castleman*, 572 U.S. 157, 170-71 (2014) (explaining that
20 poison constitutes "force" even though it is not directly applied because it is "a device to
21 cause physical harm" and the fact "[t]hat the harm occurs indirectly, rather than directly
22 (as with a kick or punch), does not matter").[6] The use of the force must be "intentional,"

23

24 to brief whether the predicate offenses for *all* § 924 counts (including Count 10, for which
25 carjacking is the predicate offense) constitute "crimes of violence." (Doc. 44 at 2-3.) The
   government's objection is overruled.
26

27 [5]    A year earlier, the Supreme Court struck down a virtually identical residual clause
   in the Immigration and Nationality Act, 18 U.S.C. § 16(b), as unconstitutionally vague.
28 *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018).

   [6]    To further illustrate this point, the Supreme Court noted, "[A]fter all, one could say

*i.e.*, not merely reckless or negligent. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (citing *Leocal v. Ashcroft*, 543 U.S. 1 (2004)). To determine whether an offense is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), the Court employs a "categorical approach" in which it determines "whether the conviction could stand if it rested upon the 'least of the acts criminalized.'" *United States v. Fultz*, 923 F.3d 1192, 1194 (9th Cir. 2019) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). "If the least of the acts criminalized by [an offense] would be a crime of violence under § 924(c)(3)(A), then [the offense] is categorically a crime of violence under the elements clause." *Id.* at 1194-95.

### A.   First-Degree Murder Is A "Crime Of Violence."

In Counts 1 and 7 (the predicate offense of Counts 2 and 8, respectively), Movant was convicted of first-degree murder in violation of 18 U.S.C. § 1111. Movant argues that first-degree murder is not a "crime of violence" because "there are non-violent, non-forceful ways to commit murder." (Doc. 46 at 5-6.) Movant illustrates that "a parent can intentionally withhold life-sustaining medical care for a dependent child, which results in the child's death." (*Id.* at 6.) Movant's arguments are unavailing.

"Murder is the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). Any "willful, deliberate, malicious, and premeditated killing . . . is murder in the first degree." *Id.* Thus, "[t]he essential elements of first-degree murder are: (1) the act or acts of killing a human being; (2) doing such act or acts with malice aforethought; and (3) doing such act or acts with premeditation." *United States v. Free*, 841 F.2d 321, 325 (9th Cir. 1988).

The Ninth Circuit has held that attempted first-degree murder (under Washington law) is categorically a "crime of violence" under a clause virtually identical to the elements clause of the § 924 in the Immigration and Nationality Act ("INA"), 18 U.S.C. § 16(a).[7]

_____

that pulling the trigger on a gun is not a 'use of force' because it is the bullet, not the trigger, that actually strikes the victim." *Castleman*, 572 U.S. at 171.

[7]      Under the INA, a "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of

*United States v. Studhorse*, 883 F.3d 1198, 1204-06 (9th Cir. 2018). In holding such, the court found that the taking of a "substantial step toward causing the death of another with the specific intent to cause that person's death," an element of the offense under Washington law, "necessarily involved the use, attempted use, or threatened use of force." *Id.* at 1205-06. Significantly, it noted that "[e]ven if [the defendant] took only a slight, *nonviolent act* with the intent to cause another's death, that act would pose a *threat of violent force* sufficient to satisfy § 16(a)." *Id.* at 1206 (emphasis added); *see Castleman*, 572 U.S. at 171; *Umaña v. United States*, 229 F. Supp. 3d 388, 398 (W.D.N.C. 2017) ("The conduct element of murder-'an unlawful killing'-necessarily requires physical injury to the body of another person, even if the injury is no more than cessation of that person's heart. Causing bodily injury to another necessarily requires the application of violent physical force.") (citing *Castleman*, 572 U.S. at 174). Later, relying on the holding of *Studhorse*, the Ninth Circuit squarely held-albeit in an unpublished opinion-that "first-degree murder is categorically a crime of violence under the 'elements' clause of 18 U.S.C. § 924(c)." *United States v. Arthur*, 750 Fed. App'x. 540, 543 (9th Cir. 2018). In holding such, the court rejected the defendant-appellant's argument to the contrary as "foreclosed by circuit precedent," citing *Studhorse*. *Id.* at 542. Therefore, Movant is not entitled to relief on Counts 2 and 8 because the predicate offense of first-degree murder is a "crime of violence" under § 924(c)(3)(A). *See Studhorse*, 883 F.3d at 1204; *Arthur* 750 Fed. App'x at 543; *Umaña*, 229 F. Supp. 3d at 397.

**B.   Felony Murder Is A "Crime Of Violence."**

In Count 11 (the predicate offense of Count 12), Movant was convicted of felony murder-robbery in violation of 18 U.S.C. §§ 1111, 2111. In Counts 3 and 15 (the predicate offenses of Counts 4 and 16, respectively), Movant was convicted of felony murder-kidnapping in violation of 18 U.S.C. §§ 1111, 1201(a). Felony murder under § 1111-irrespective of the underlying felony-is a "crime of violence" under § 924(c)(3)(A).

---

another." 18 U.S.C. § 16(a). Where the elements clauses of the INA and the § 924 differ is that under the § 924, the offense must also be a felony. 18 U.S.C. § 924(c)(3).

- 8 -

Felony murder, like first-degree murder, is charged under 18 U.S.C. § 1111, which states that "[m]urder is the unlawful killing of a human being with malice aforethought" and "[e]very murder . . . committed in the perpetration of . . . kidnapping . . . or robbery . . . is murder in the first degree."[8] 18 U.S.C. § 1111(a). In the context of felony murder, the "malice aforethought" (intent) element is constructively supplied by the intent to commit the underlying felony. As noted by the Supreme Court:

> At common law, murder was defined as the unlawful killing of another human being with "malice aforethought." The intent to kill and the intent to commit a felony were alternative aspects of the single concept of "malice aforethought."

*Schad v. Arizona*, 501 U.S. 624, 640 (1991). The same holds true with respect to felony murder under 18 U.S.C. § 1111. *See United States v. Chischilly*, 30 F.3d 1144, 1160 (9th Cir. 1994) ("[C]onviction for felony murder under 18 U.S.C. § 1111 requires the commission of an enumerated felony with the requisite *mens rea* for the underlying offense."), *overruled on other grounds by United States v. Preston*, 751 F.3d 1008, 1019-20 (9th Cir. 2014); *United States v. Pearson*, 159 F.3d 480, 486 (10th Cir. 1998) ("[T]he commission of the specified felony supplies the constructive or implied malice necessary to satisfy the malice aforethought element of § 1111(a) felony murder."); *see also United States v. Lilly*, 512 F.2d 1259, 1261 (9th Cir. 1975) ("It was robbery's specific intent that served to supply the element of premeditation."). For example, the Tenth Circuit's[9] model criminal jury instruction for § 1111 felony murder requires the jury to find:

> *First*: the defendant caused the death of the victim named in the indictment;
>
> *Second*: the death of the victim occurred as a consequence of, and while the defendant was [state-of-mind element] engaged in committing or attempting to commit [the specified felony];

---

[8]    The Court hereby incorporates its analysis from the previous section and concludes that the "unlawful killing" element of 18 U.S.C. § 1111(a), as in § 1111 premeditated murder, constitutes the "force" element of § 1111 felony murder.

[9]    The Ninth Circuit does not have a have a felony murder jury instruction. Instead, practitioners are directed to jury instructions from the Tenth and Eleventh Circuits. *See* NINTH CIR. MODEL CRIM. JURY INSTR. 8.107 cmt. As such, model jury instructions and case law from the Tenth Circuit are particularly informative here.

*Third*: the killing took place within the [territorial] [special maritime] jurisdiction of the United States.

Tenth Cir. Model Crim. Jury Instr. 2.52.1 (brackets in original). "The government need not establish some proof of a state of mind other than the intent to commit the underlying felony, and the fact that the killing occurred during the commission of that felony." *Id.* 2.52.1 cmt. (citing *United States v. Nguyen*, 155 F.3d 1219, 1225 (10th Cir. 1998)); *see also United States v. Chanthadara*, 230 F.3d 1237, 1258 (10th Cir. 2000) ("Because malice aforethought is proved by commission of the felony, there is no actual intent requirement with respect to the homicide.").

Applying this concept of "malice aforethought" and transferred intent, a district court in the Fourth Circuit held, in a published opinion, that felony murder[10] is a "crime of violence" under § 924(c)(3)(A). *See Umaña*, 229 F. Supp. 3d at 398. In *Umaña*, the petitioner argued that felony murder was not a "crime of violence" because it could be committed recklessly, *i.e.*, without the intentional use of physical force. *Id.* at 394. The court acknowledged that in the Fourth Circuit (consistent with the law in the Ninth Circuit) crimes of recklessness could not constitute crimes of violence.[11] *Id.* (citations omitted). However, it drew a distinction between "mere recklessness and malice," noting that "generic 'malice aforethought' requires a higher degree of intent than 'reckless' conduct."

---

[10]     The specific offense was murder in aid of racketeering in violation of the Violent Crimes in Aid of Racketeering Act, 18 U.S.C. § 1959. *Umaña*, 229 F. Supp. 3d at 391.

[11]     The issue of whether crimes of recklessness can constitute "crimes of violence" under § 924(c)(3)(A) is currently before the Supreme Court in *Borden v. United States*, No. 19-5410 (U.S. argued Nov. 3, 2020). However, it is unlikely that *Borden* will impact the conclusions of this R&R as the felony murder offenses at issue here were not committed with mere "recklessness" but rather with "malice aforethought," which, as discussed, is a *mens rea* distinguishable from and reflecting greater intent than mere recklessness. Moreover, as observed by Judge Campbell, "[t]he Supreme Court may not issue a decision [in *Borden*] until June 2021," *Wilson v. United States*, 2020 WL 5887497, at *2 (D. Ariz. Oct. 5, 2020), which would further delay the resolution of the present case-given that it has already been stayed for over 3 years-if the Court were to again hold it in abeyance pending the resolution of *Borden*. Thus, in the interest of a speedy resolution of the present case and because *Borden* will likely not affect its outcome, the Court issues this R&R.

*Id.* at 394-95. It reasoned that:

> Malice may be established by evidence of conduct which is reckless *and wanton and a gross deviation from a reasonable standard of care*, of such a nature that a jury is warranted in inferring that [the] defendant was *aware* of a serious risk of death or serious bodily harm.

*Id.* at 395 (quotation marks and citations omitted, brackets in original, emphasis added). The court therefore concluded that the felony murder offense at issue was a "crime of violence" under § 924(c)(3)(A). *Id.* at 397.

Like the felony murder offense at issue in *Umaña*, the felony murder offenses at issue here require "malice aforethought."[12] 18 U.S.C. § 1111(a). Whether the underlying felony is itself a "crime of violence" is immaterial, contrary to Movant's assertion (docs. 22 at 15-16, 46 at 3-4), as the elements of the underlying felony are not dispositive in the § 924(c)(3)(A) inquiry. Irrespective of the underlying felony, the § 1111 felony murder offense has as an element "the use, attempted use, or threatened use of violent physical force" (the "unlawful killing") and is committed with a *mens rea* that is beyond mere recklessness ("malice aforethought"). Therefore, it is a "crime of violence" under § 924(c)(3)(A) because even the "least of the acts criminalized" is a crime of violence. *See Studhorse*, 883 F.3d at 1204; *Arthur* 750 Fed. App'x at 543; *Umaña*, 229 F. Supp. at 397. As such, Movant is not entitled to relief on Counts 4, 12[13], and 16.

### C.   Robbery Is A "Crime Of Violence."

In Count 13 (the predicate offense of Count 14), Movant was convicted of robbery in violation of 18 U.S.C. § 2111, which penalizes:

> Whoever, within the special maritime and territorial jurisdiction of the United States, *by force and violence, or by intimidation*, takes or attempts to

---

[12] At trial, the jury was instructed to determine whether Movant acted with "malice aforethought" for each felony murder count. (CR Doc. 225 at 26, 28.) They were instructed that "[t]o kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life" and that "the only intent required is the specific intent to commit [the underlying felony]." (*Id.*) The jury returned guilty verdicts on each felony murder count. (CR Doc. 224.)

[13] The Court notes that in Count 12, Movant was convicted of felony murder-robbery in violation of 18 U.S.C. §§ 1111, 2111.

take from the person or presence of another anything of value[.]

*Id.* (emphasis added). Movant maintains that robbery is not a "crime of violence" because it can be committed through "intimidation" without "force and violence." (Doc. 46 at 3-4.) However, in 2019, the Ninth Circuit held that "[r]obbery in violation of 18 U.S.C. § 2111 is a 'crime of violence' under the elements clause of § 924(c)(3)(A) . . . *even if done by 'intimidation' alone*." *Fultz*, 923 F.3d at 1195, 1197 (emphasis added). Therefore, Movant is not entitled to relief on Count 14 because the predicate offense of robbery is a "crime of violence" under § 924(c)(3)(A).

### D.   Carjacking Is A "Crime Of Violence."

In Count 9 (the predicate offense of Count 10), Movant was convicted of carjacking in violation of 18 U.S.C. § 2119, which penalizes:

> Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle . . . from the person or presence of another *by force and violence or by intimidation*[.]

*Id.* (emphasis added). Movant maintains that carjacking is not a "crime of violence" because it can be committed through "intimidation" without "force and violence," and the "elements clause requires the predicate crime of violence . . . to be committed in no manner other than through intentional, violent force, designed to cause harm or injury to the victim." (Doc. 46 at 5.) However, the Ninth Circuit squarely rejected this argument and held that "intimidation" as defined in the statute "necessarily entails *the threatened use of violent physical force*." *Gutierrez*, F.3d at 1257 (emphasis added). As such, the court held that carjacking was a "crime of violence" under § 924(c)(3)(A). *Id.*; *see Fultz*, 923 F.3d at 1195. Therefore, Movant is not entitled to relief on Count 10 because the predicate offense of carjacking is a "crime of violence" under § 924(c)(3)(A).

### E.   Kidnapping Is Not A "Crime Of Violence."

Lastly, in Counts 5 and 17 (the predicate offenses of Counts 6 and 18, respectively), Movant was convicted of kidnapping in violation of 18 U.S.C. § 1201(a), which penalizes:

> (a) Whoever unlawfully *seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away* and holds for ransom or reward or otherwise any person,

except in the case of a minor by the parent thereof, when--

. . .

(2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States[.]

*Id.* (emphasis added). Movant maintains that kidnapping is not a "crime of violence" (doc. 46 at 2-3), and the government "concedes that under the current state of the law, mere kidnapping would no longer be considered a crime of violence" (doc. 47 at 13). Accordingly, the Court will grant Movant's Motion to Vacate, Set Aside, or Correct Sentence with respect to Counts 6 and 18.[14]

---

14      The Ninth Circuit has not squarely addressed whether kidnapping under 18 U.S.C. § 1201(a) is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). However, precedent suggests that it would likely hold it to not be a "crime of violence" because it can be committed without the use of physical force, *i.e.*, through "inveiglement" or "decoying." *See, e.g., Delgado-Hernandez*, 697 F.3d 1125, 1127 (9th Cir. 2012) (holding that kidnapping under [California law] was not a crime of violence under 18 U.S.C. § 16(a) because it could be committed by "'any means of instilling fear' instead of by force"); *United States v. Sherbondy*, 865 F.2d 996, 1009 (9th Cir. 1988) (holding that kidnapping under the Model Penal Code does not qualify as a crime of violence under 18 U.S.C. § 924(e)(2)(B)(i) because it can be achieved without force "through trickery or deceit"). The Court notes that other circuits have held that kidnapping resulting in death, a distinct offense also charged under 18 U.S.C. § 1201(a), is a "crime of violence" under § 924(c)(3)(A) because it involves an element of physical force and reckless disregard of the risk of injury to another person. *See United States v. Ross*, 969 F.3d 829, 839 (8th Cir. 2020); *In Re Hall*, 979 F.3d 339, 344 (5th Cir. 2020). The Eighth Circuit reasoned in *Ross* that:

> If a kidnapper inveigles a victim into his car and then causes her death by recklessly crashing the vehicle or prompting the victim to flee from the speeding car, the kidnapper's offense involves the use of force against the victim. Force is necessary to kill the victim when she slams into the windshield or the pavement. The application of force is not an accident: when the perpetrator intentionally deceives and kidnaps the victim, he makes a deliberate decision to endanger her and acts with reckless disregard for her safety. Recklessness is a sufficient *mens rea* for application of the force clause.

969 F.3d at 839. These cases are noted but are inapplicable regarding felony murder-kidnapping under § 1111(a) because the felony murder offenses were committed with "malice aforethought," whereas kidnapping resulting in death under § 1201(a) can be committed recklessly. And due to the government's concession related to Counts 6 and 18, the Court should proceed under current Ninth Circuit authority and dismiss Counts 6 and

**IV.     Other Arguments Waived.**

In his first Supplemental Brief, Movant raises a number of other arguments and issues that were raised previously only in his objection to the December 8, 2017 R&R (doc. 14) and reply to the government's response to the objection (doc. 16), but not in the Motion to Vacate, Set Aside, or Correct Sentence. (*See* Doc. 22 at 4-6 [arguing that conviction of both felony murder and the underlying felony charge constitute double jeopardy], 16-17 [arguing that the Court should conduct a full resentencing because trial counsel did not render effective assistance at sentencing].) Because these arguments did not appear in the Motion to Vacate, Set Aside, or Correct Sentence and are out of the scope of the permitted supplemental briefing ordered by the Court (docs. 19, 44), they are waived and consequently will not be entertained by the Court. *See* Rule 2(b), Rules Governing Section 2255 Cases ("The motion must: (1) specify *all* the grounds for relief available to the moving party . . . .") (emphasis added); *see also Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.").

**IT IS THEREFORE RECOMMENDED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (doc. 3) be **denied**, in part, as to Counts 2, 4, 8, 10, 12, 14, and 16 and **granted**, in part, as to Counts 6 and 18.

**IT IS FURTHER RECOMMENDED** that the Court vacate Movant's convictions and sentences on Counts 6 and 18.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **granted** because reasonable jurists could debate the conclusions of this R&R.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should

18.

- 14 -

not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of December, 2020.

Honorable John Z. Boyle
United States Magistrate Judge